UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SUTTON,

            Petitioner,

v.

CASE NO. 2:10-CV-12263
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

KENNETH T. McKEE,

            Respondent.[1]

_____/

## AMENDED REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural History*

1.    Petitioner Kenneth Darnell Sutton is a state prisoner, currently confined at Chippewa Correctional Facility in Kincheloe, Michigan.

2.    On August 1, 2007, petitioner pleaded guilty to unarmed robbery, MICH. COMP. LAWS § 750.530; and Unlawfully Driving Away an Automobile, MICH. COMP. LAWS § 750.413, in the Washtenaw County Circuit Court.  On August 29, 2007, he was sentenced to 50 months' to 15 years' imprisonment for the unarmed robbery conviction and 18-60 months' imprisonment for the UDAA conviction.

3.    Petitioner sought leave to appeal in the Michigan Court of Appeals raising, through counsel, the following claims:

_____

[1]By Order entered this date, Kenneth T. McKee has been substituted in place of Greg McQuiggin as the proper respondent in this action.

I.    DEFENDANT MUST BE RESENTENCED OR HAVE HIS PSIR
      CORRECTED BECAUSE THE PSIR CONTAINS INACCURATE
      INFORMATION; THIS RESULT IS IN ACCORD WITH MICHGAN
      SENTENCING LAW AND DUE PROCESS REQUIREMENTS. US CONST,
      AMS V, XIV; CONST 1963 ART 1, § 17.[2]

II.   DEFENDANT IS ENTITLED TO CREDIT ON THE MINIMUM TERM FOR
      TIME SERVED PRIOR TO SENTENCING DESPITE COMMITTING THIS
      OFFENSE WHILE ON PAROLE AS NO ADDITIONAL TIME WAS
      ADDED TO HIS PRIOR SENTENCE WHEN HIS PAROLE ON THAT
      SENTENCE WAS REVOKED; THIS VIOLATES MICHIGAN LAW
      REGARDING CONSECUTIVE SENTENCING AND JAIL CREDIT.

The court of appeals denied petitioner's application in a standard order. *See People v. Sutton,* No.

287413 (Mich. Ct. App. October 1, 2008).

    4.    Petitioner, proceeding *pro se*, sought leave to appeal these issues to the Michigan

Supreme Court.  The Supreme Court denied petitioner's application for leave to appeal in a standard

order.  *See People v. Sutton*, 485 Mich. 887, 772 N.W.2d 367 (2009).

    5.    Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

on June 1, 2010.  As grounds for the writ of habeas corpus, he raises two claims for relief:

    (1)    DEFENDANT MUST BE RESENTENCED OR HAVE HIS PSIR
    CORRECTED BECAUSE THE PSIR CONTAINS INACCURATE INFORMATION;
    THIS RESULT IS IN ACCORD WITH MICHGAN SENTENCING LAW AND DUE
    PROCESS REQUIREMENTS. US CONST, AMS V, XIV; CONST 1963 ART 1, §
    17.

    (2)    DEFENDANT IS ENTITLED TO CREDIT ON THE MINIMUM TERM FOR
    TIME SERVED PRIOR TO SENTENCING DESPITE COMMITTING THIS
    OFFENSE WHILE ON PAROLE AS NO ADDITIONAL TIME WAS ADDED TO
    HIS PRIOR SENTENCE WHEN HIS PAROLE ON THAT SENTENCE WAS
    REVOKED; THIS VIOLATES MICHIGAN LAW REGARDING CONSECUTIVE
    SENTENCING AND JAIL CREDIT.

    6.    Respondent filed an answer on February 10, 2011, contending that petitioner's claims

_____

    [2] On appeal, the petitioner's counsel referred to the Pre-Sentence Investigation Report ("PSIR")
as "PSR."

2

are without merit.

B.    *Factual Background Underlying Petitioner's Conviction*

The factual background underlying petitioner's conviction was accurately summarized in the

answer in opposition to petition for writ of habeas corpus filed by respondent:

> On July 2, 2007, while on parole, petitioner robbed his girlfriend, stealing her
> van. Tr 8-1-07, p 10-11. Petitioner wanted money for crack, and when the victim
> would not give him any, he held scissors to her while kneeling on her neck. Tr 8-1-07,
> p 5. Pursuant to a plea bargain, three charges were dropped and petitioner pleaded
> guilty to unarmed robbery and UDAA. At sentencing, trial counsel did not object to
> the substance of the Pre-Sentence Investigation Report (PSIR) and stated that there
> were "no corrections or deletions." Tr 8-29-07, p 9. Trial counsel went on to note that
> she believed the guidelines were "appropriately scored." Tr 8-29-07, p 9. The PSIR
> described petitioner as an offender with 11 felony convictions and 5 misdemeanor
> convictions. Petitioner was sentenced to 18 to 60 months for UDAA and 50 months
> to 15 years for unarmed robbery. Tr 8-29-07, p 9. Due to the fact that petitioner was
> on parole when he committed the crimes he pleaded guilty to, the court ordered the
> sentences to be served consecutive to his parole cases with credit for zero days. Tr 8-
> 29-07, p 9.
> 
> Petitioner filed a motion for resentencing and/or to correct an invalid sentence.
> When the motion was argued, defense counsel indicated that she was not asking for
> resentencing. Tr 4-23-08, p 6. Defense counsel did ask the court to delete several of
> petitioner's "old" Wayne County misdemeanor convictions from the PSIR. Tr 4-23-
> 08, p 4. The court granted in part petitioner's motion by deleting convictions 5,10, and
> 13 from the PSIR. Tr 4-23-08, p 7. The trial court also rejected defense counsel's
> claim that a defendant who commits an offense while on parole should receive credit
> for that time. Tr 4-23-08, p 7.

Answer, at 3.

C.    *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the

provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-

132, 110 Stat. 1214 (Apr. 24, 1996). See *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst

other amendments, the AEDPA amended the substantive standards for granting habeas relief by

providing:

3

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also, Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams,* 529 U.S. at 413); *see also, Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also, Williams,* 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the

4

Supreme Court."  Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence."  *Williams*, 529 U.S. at 412.  Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early*, 537 U.S. at 8; *see also, Mitchell*, 540 U.S. at 16.  Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 f.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.      *Inaccurate Information Claim (Ground 1)*

In Ground 1, petitioner contends that he was sentenced on the basis of false information in the PSIR.  Because the petitioner has failed to demonstrate that the sentencing court relied upon materially false information when imposing his sentence, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Clearly Established Law*

Pursuant to the requirements of due process, a defendant who has pleaded guilty has a due

5

process right to a fair sentencing. *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988). In *Townsend v. Burke*, 334 U.S. 736 (1948), the Supreme Court held that it violates a criminal defendant's right to due process to sentence the defendant "on the basis of assumptions concerning his criminal record which were materially untrue." *Id.* at 741. A sentence, if within statutory limits, can be reviewed in a habeas proceeding only "when [it] has been founded 'at least in part upon misinformation of constitutional magnitude.'" *United States v. Brummett*, 786 F.2d 720, 723 (6th Cir. 1986) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)). To prevail on this claim, petitioner must "demonstrate that the disputed information was materially false and that the trial court relied on the information." *United States v. Andrews*, 240 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (Cleland, J.) (quoting *Collins v. Buchkoe*, 493 F.2d 343, 345-46 (6th Cir. 1974)).

    2.    *Analysis*

First, petitioner is not entitled to relief with respect to his motion to be resentenced as defense counsel specifically stated that she was not asking for resentencing. Tr 4-23-08, p 6. Thus, this issue of resentencing is waived. Nor is the petitioner entitled to relief with respect to having his PSIR corrected due to inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude." *Tucker,* 404 U.S. at 447. It is the petitioner's burden to demonstrate that the sentencing court actually relied upon materially false information in imposing the sentence. *Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987). Here, the petitioner had eleven valid felony convictions and five misdemeanor convictions as described in petitioner's PSIR. Petitioner does not claim that the convictions listed in the PSIR did not exist, yet asserts the state did not meet its burden of showing that the convictions were reliable. On habeas review, however, it is his burden to show that the convictions were unreliable. Petitioner does not show that his sentence was imposed in reliance upon material false assumptions of fact. At sentencing, trial counsel did not

object to the substance of the PSIR and stated that there were "no corrections or deletions." Tr 8-29-07, p 9.  Petitioner did not meet his burden in demonstrating that the challenged misdemeanor convictions were inaccurate.  Petitioner offered nothing more than that some information regarding these prior misdemeanor convictions is unavailable.  Petitioner's claim of inaccurate information does not equate to the "misinformation of constitutional magnitude" necessary to implicate due process.

Furthermore, it is apparent that these convictions did not affect petitioner's sentencing range. Petitioner had eleven valid felony convictions on his PSIR.  Petitioner does not contest the validity of any of these convictions.  Petitioner's prior misdemeanors, to the extent they were relied on by the trial court at all, were most likely only used to determine an appropriate sentence within the already applicable range.  Thus, petitioner is not entitled to habeas relief.

E.     *Jail Credit Claim (Ground 2)*

With respect to petitioner's claim that he is entitled to jail credit for the days between the date of his offense and his sentencing, this claim is not cognizable on habeas review.  It is well established that habeas corpus is not available to remedy a state court's error in the application of state law.  *See Estelle v. McGuire*, 502 U.S. 6, 67-68 (1991) ("Today, we reemphasize that that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst,* 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws.").

A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.  See , e.g., *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991), and *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988).  The applications of these state laws governing consecutive sentencing present issues of state law that are not cognizable on habeas review. *See Rosier v. Giurbino*, 245 Fed. Appx. 687, 688 (9th Cir. 2007); *Ashby v. Senkowski,* 269 F. Supp.

7

2d 109, 114-115 (E.D.N.Y. 2003); *Childs v. Zavaras*, 90 F. Supp. 2d 1141, 1149 (D. Colo. 1993).

Thus, petitioner is not entitled to habeas relief with respect to his jail credit claim.

F.    *Recommendation Regarding Certificate of Appealability*

1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1).  The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue.  Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

8

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.      *Analysis*

If the Court accepts my recommendation on the merits, the Court should also deny petitioner a certificate of appealability, for the reasons explained above. The record establishes that petitioner has failed to demonstrate that the sentencing court relied upon materially false information when imposing his sentence. Petitioner's claim of inaccurate information does not equate to the "misinformation of constitutional magnitude" necessary to implicate due process. Further, it is apparent that these convictions did not affect petitioner's sentencing range. Moreover, petitioner's claim that he is entitled to jail credit for the days between the date of his offense and his sentencing is not cognizable on habeas review. Accordingly, the court should conclude that petitioner is not entitled to a certificate of appealability.

G.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of

9

petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.  If the Court accepts this recommendation, the Court should also conclude that petitioner is not entitled to a certificate of appealability.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Paul J .Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: 8/9/11

10

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record and  by
electronic means or U.S. Mail on August 9,  2011.

s/Eddrey Butts
Case Manager