## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KENNETH SUTTON,

                Petitioner,

v.

KENNETH T. McKEE

                Respondent.

_____/

CASE NO. 10-cv-12263
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

### OPINION AND ORDER
### (1) ADOPTING THE MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY (Dkt. No. 16), (2) DENYING PETITIONER'S OBJECTIONS (Dkt. No. 18), and (3) DISMISSING THE ACTION

On June 8, 2010, Kenneth Sutton ("Petitioner"), an inmate at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed the instant Petition for Writ of Habeas Corpus. (Dkt. No. 1.) Greg McQuiggin[1] ("Respondent") filed a Response on February 10, 2011. (Dkt. No. 8.) On August 9, 2011, the Magistrate Judge filed an Amended[2] Report and Recommendation, recommending that the Court deny Petitioner's application for the writ of habeas corpus and deny a certificate of appealability. (Dkt. No. 16.) On August 25, 2011, Petitioner filed Objections to the Report and Recommendation. (Dkt. No. 18.)

For the reasons stated below, the Court will APOPT the Magistrate Judge's Amended Report and Recommendation, DISMISS the petition for a writ of habeas corpus, and DENY a certificate of

---

[1]In an Order entered on August 9, 2011, Kenneth T. McKee was substituted as the proper Respondent in this case. (Dkt. No. 17.)

[2]The Magistrate Judge filed the first Report and Recommendation on August 3, 2011. (Dkt. No. 14.)

appealability.

# I. BACKGROUND

The Court adopts the facts underlying Petitioner's state-court conviction as summarized in

Respondent's answer in opposition to the petition for a writ of habeas corpus.

> On July 2, 2007, while on parole, Petitioner robbed his girlfriend, stealing her van. (Tr 8-1-07, pp 10-11). Petitioner wanted money for crack, and when the victim would not give him any, he held scissors to her while kneeling on her neck. Tr 8-1-07, p 5. Pursuant to a plea bargain[,] three charges were dropped and Petitioner pleaded guilty to unarmed robbery and [Unlawfully Driving Away an Automobile ("UDAA")]. At sentencing, trial counsel did not object to the substance of the Pre-Sentence Investigation Report ("PSIR") and stated that there were "no corrections or deletions." Tr 8-29-07, p 9. Trial counsel went on to note that she believed the guidelines were "appropriately scored." Tr 8-29-07, p 9. The PSIR described Petitioner has [sic] an offender with 11 felony convictions and 5 misdemeanor convictions. . . . Petitioner was sentenced to 18 to 60 months for UDAA and 50 months to fifteen years for unarmed robbery. Tr 8-29-07, p9. Due to the fact that Petitioner was on parole when he committed the crimes he pleaded guilty to, the court ordered the sentences be served consecutive to his parole cases with credit for zero days. Tr 8-29-07 p 9.
>
> Petitioner filed a motion for resentencing and/or to correct an invalid sentence. When the motion was argued[,] defense counsel indicated she was not asking for resentencing. Tr 4-23-08, p 6. Defense counsel did ask the court to delete several of Petitioner's "old" Wayne County *misdemeanor* convictions from the PSIR. Tr 4-23-08, p 4. The court granted in part Petitioner's motion by deleting convictions 5, 10 and 13 from the PSIR. Tr 4-23-08, p 6. The trial court did not delete convictions 1, 2 and 3. Tr 4-23-08, p 7. The trial court also rejected defense counsel's claim that a defendant who commits an offense while on parole should receive credit for that time. Tr 4-23-08, p 7.

(Response to Pet. for Writ of Habeas Corpus 3.)

# II. LEGAL STANDARD

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> > (2)    resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists

3

could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87. Finally, "If a state court's decision on a

4

constitutional question is 'a close call,' that fact 'militates against the conclusion that the state court's application of the relevant Supreme Court precedent was objectively unreasonable.'" *Lovell v. Duffey*, 629 F. 3d 587, 598 (6th Cir. 2011)(quoting *Lopez v. Wilson*, 426 F. 3d 339, 358 n. 1 (6th Cir.2005)(en banc)(Cole, J., concurring)).

### III. ANALYSIS

Petitioner argues that he is entitled to habeas relief because some of the convictions contained in the PSIR were inaccurate, and because his attorney failed to do a proper investigation to confirm the accuracy of the PSIR.

To be entitled to habeas relief on this claim, Petitioner must show that the false information, which was relied on at his sentencing, was so misleading that it was a denial of due process for the trial court to rely on it. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *see also Potter v. Yukins*, 6 Fed. Appx. 295, 296 (6th Cir. 2001) (unpublished). It is Petitioner's burden to show that the information was materially false, and that the trial court relied on it. *Id.*

Petitioner argues that the trial court should not have relied on four of the fifteen convictions in the PSIR, because those convictions did not include a conviction date/method, or an arresting agency. However, Petitioner has not made any affirmative showing that these prior convictions are false, or that the trial court relied on them. Accordingly, Petitioner is not entitled to habeas relief on this claim.

Petitioner also argues in his Objections that "his attorney failed to do the minimum that would allow him his right to be sentenced on proper information." (Obj. 2-3.) The Court notes that Petitioner raises this argument for the first time in his Objections. No allegations of ineffective assistance of sentencing counsel are contained in the Petition, and it appears Petitioner never raised

5

this argument in the state courts. Accordingly, Petitioner has failed to exhaust his state-law remedies regarding any possible ineffective assistance of counsel claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").

Petitioner also argues that the trial court erred when it did not apply credit for the time Petitioner spent in jail between the date of his offense and his sentencing. The Magistrate Judge reasoned that this argument was not cognizable on habeas review, because it involves a state court's application of state law. (Report and Recommendation 7.) Petitioner has not raised any specific objections to the Magistrate Judge's recommendation on this issue, and the Court therefore adopts the reasoning of the Magistrate Judge. *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) (holding that a petitioner waives an issue by failing to object to a magistrate's report and recommendation).

The Magistrate Judge also recommended denying Petitioner a certificate of appealability. Petitioner argues, however, that jurists of reason would find the Magistrate Judge's conclusions debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court disagrees.

A certificate of appealability may only issue if the petitioner makes a "substantial showing" that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Perkins v. McQuiggin*, 670 F.3d 665, 669 (6th Cir. 2012). A "substantial showing" requires the petitioner to show "that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Id.* (quoting *McDaniel*, 529 U.S. at 484).

The law governing false or misleading information in a PSIR is well-settled, as is the law

relied on by the Magistrate Judge in rejecting Petitioner's argument regarding jail time credit. Petitioner has failed to show that there is any disagreement or debate among jurists of reason on the issues he presents in his Petition. Accordingly, the Court will deny a certificate of appealability.

### IV. CONCLUSION

For these reasons, the Court:

(1)    **ADOPTS** the Magistrate Judges's Amended Report and Recommendation denying Petitioner's Application for Writ of Habeas Corpus and denying Petitioner a Certificate of Appealability;

(2)    **DENIES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation; and

(3)    **DISMISSES** the action **WITH PREJUDICE**.

**SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  6-8-12